UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANTANA J. GRAY,

    Petitioner,

        v.          CAUSE NO. 3:23-CV-1079-CCB-SLC

WARDEN,

    Respondent.

OPINION AND ORDER

Santana J. Gray, a prisoner without a lawyer, filed a motion to reconsider the order denying the habeas petition and a motion for a certificate of appealability. In the order denying the habeas petition, the court found that Gray had procedurally defaulted his claims that trial counsel failed to investigate video footage recorded for a television show and failed to object to improper aggravators at sentencing and his claim that appellate counsel failed to consult with him regarding appellate arguments by omitting them from his brief to the Indiana Court of Appeals on post-conviction appeal. ECF 29 at 4-5. The court further found that he had procedurally defaulted his claim that trial counsel failed to advise him of his right to testify at trial by omitting it from his petition to transfer to the Indiana Supreme Court on post-conviction appeal. *Id.*

In both of these motions, Gray argues that the procedurally defaulted nature of these claims should be excused due to the actions of his private counsel on post-conviction appeal. A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from

that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

As a general rule, "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as cause." *Maples v. Thomas*, 565 U.S. 266, 280 (2012). The exception is that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *Brown v. Brown*, 847 F.3d 502 (7th Cir. 2017). However, this exception "does not concern attorney errors in other kinds of proceedings, including *appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16 (emphasis added). Here, Gray presented his procedurally defaulted claims to the Marion Superior Court in an "initial-review-collateral proceeding" and received a ruling on the merits. ECF 12-11 at 44-67, 86-101. Because Gray did not procedurally default his claims at this level, ineffective assistance of post-conviction counsel cannot serve to excuse the procedurally defaulted nature of these claims. Accordingly, the court declines to reconsider the order denying the habeas petition or to issue a certificate of appealability.

For these reasons, the court:

(1) DENIES the motion for a certificate of appealability (ECF 31); and

(2) DENIES the motion to reconsider (ECF 32).

SO ORDERED on October 22, 2024.

                                                                                              s/ Cristal C. Brisco
                                                                                              JUDGE
                                                                                              UNITED STATES DISTRICT COURT